

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

CRAIG CARPENITO
*United States Attorney*

*Anthony Moscato*
*Assistant U.S. Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Phone:* 973-645-2752
*Fax:*    973-645-3497

August 22, 2018

Robert J. DeGroot, Esq.
56 Park Place
Newark, New Jersey 07102

    Re:    <u>Plea Agreement with Melissa Reynolds</u>

Dear Mr. DeGroot:

    This letter sets forth the plea agreement between your client, Melissa Reynolds, and the United States Attorney for the District of New Jersey ("this Office"). The offer contained in this plea agreement will expire on August 31, 2018, unless such offer is otherwise extended by this Office.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Ms. Reynolds to a one-count Information that charges her with conspiracy to commit mail fraud (including mail fraud affecting financial institutions) and bank fraud, contrary to Title 18, United States Code, Sections 1341 and 1344, in violation of Title 18, United States Code, Section 1349.

    If Ms. Reynolds enters a guilty plea and is sentenced on this charge and otherwise fully complies with all of the terms of this agreement, then this Office will not initiate any further criminal charges against Ms. Reynolds for the criminal conduct alleged in the Information and the Criminal Complaint, Criminal Number: 18-7038 (CLW). In the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Ms. Reynolds agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Ms. Reynolds may be commenced against her, notwithstanding the expiration of the limitations period after Ms. Reynolds signs the agreement.

Sentencing

The violation of Title 18, United States Code, Section 1349 to which Ms. Reynolds agrees to plead guilty carries a statutory maximum prison sentence of thirty years and a statutory maximum fine equal to the greatest of: (1) $1 million; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Ms. Reynolds is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Section Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Ms. Reynolds ultimately will receive.

Further, in addition to imposing any other penalty on Ms. Reynolds, the sentencing judge: (1) will order Ms. Reynolds to pay an assessment of $100 pursuant to Title 18, United States Code, Section 3013, which assessment must be paid by the date of sentencing; (2) must order Ms. Reynolds to pay restitution pursuant to Title 18, United States Code, Sections 3663 and 3663A et seq.; (3) must order forfeiture; (4) may order Ms. Reynolds, pursuant to Title 18, United States Code, Section 3555, to give notice to any victims of her offense; and (5) pursuant to Title 18, United States Code, Section 3583, may require Ms. Reynolds to serve a term of supervised release of at least five years, which will begin at the expiration of any term of imprisonment imposed. Should Ms. Reynolds be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Ms. Reynolds may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Ms. Reynolds by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Ms. Reynolds' activities and relevant conduct with respect to this case.

Stipulations

This Office and Ms. Reynolds agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Ms. Reynolds from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Forfeiture

As part of her acceptance of responsibility and under Title 18, United States Code, Section 982(a)(2), Ms. Reynolds agrees to forfeit to the United States all of her right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds she obtained that are traceable to the offenses in violation of Title 18, United States Code, Sections 1341, 1344, and 1349, charged in the Information. Ms. Reynolds further agrees that the value of such property was $548,242; that one or more of the conditions set forth in Title 21, United States Code, Section 853(p) exists; and that the United

States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by Ms. Reynolds, in an amount not to exceed $548,242 (the "Forfeiture Amount"). Ms. Reynolds consents to the entry of an order requiring her to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to Mr. Reynolds before sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Ms. Reynolds further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the *United States Marshals Serv*ice, indicating Ms. Reynold's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Ms. Reynolds waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Ms. Reynolds understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Ms. Reynolds waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of her assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Ms. Reynolds further agrees that not later than the date she enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Ms. Reynolds fails to provide a complete and accurate Financial Disclosure Statement by the date she enters her plea of guilty or if this Office determines that Ms. Reynolds has intentionally failed to disclose assets on her Financial Disclosure Statement, Ms. Reynolds agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment

for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

### Restitution

Under Title 18, United States Code, Sections 3663 and 3663A, Ms. Reynolds agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense, to the following victims in the following amounts:

| Entity | Amount |
| --- | --- |
| Resurgent Capital Services | $417,276 |
| Porsche Financial Services | $93,235.29 |
| New York Municipal Credit Union | $37,730.72 |

If the prerequisites for remission, mitigation, or restoration are met, see 28 C.F.R. § 9 et seq., then this Office may recommend to the Money Laundering and Asset Recovery Section of the Department of Justice that all or a portion of the forfeited property be applied to satisfy court-ordered restitution.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Ms. Reynolds waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255.

### Immigration Consequences

Ms. Reynolds understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Ms. Reynolds understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Ms. Reynolds wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Ms. Reynolds understands that she is bound by this guilty plea regardless of any immigration consequences of the plea. Accordingly, Ms. Reynolds waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences and agrees not to seek to withdraw her guilty plea or to file a direct appeal or any kind of collateral attack challenging her guilty plea,

conviction, or sentence, based on any immigration consequences of her guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Ms. Reynolds. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Ms. Reynolds.

No provision of this agreement shall preclude Ms. Reynolds from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Ms. Reynolds received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the plea agreement between Ms. Reynolds and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Anthony Moscato
Assistant U.S. Attorney

APPROVED:

Rahul Agarwal
Deputy Chief, Criminal Division

I have received this letter from my attorney, Robert J. DeGroot, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I fully understand this letter. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 9/13/18
Melissa Reynolds
Defendant

I have discussed with Ms. Reynolds this letter and all of its provisions, including the provisions addressing the charge, immigration consequences, forfeiture, restitution, and sentencing. Ms. Reynolds fully understands the letter and wants to plead guilty pursuant to this plea agreement.

_____          Date: 9/13/18
Robert J. DeGroot, Esq.
Counsel for the Defendant

## Plea Agreement with Melissa Reynolds

## Schedule A

1. This Office and Melissa Reynolds recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Ms. Reynolds nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Ms. Reynolds within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Ms. Reynolds further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective on the date of sentencing applies in this case.

### Offense Conduct

3. The applicable guideline is § 2X1.1 (Attempt, Solicitation, or Conspiracy). Under U.S.S.G. § 2X1.1(b)(2), Ms. Reynolds and her co-conspirators completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offenses.

4. The substantive violations charged are the violations of Title 18, United States Code, Sections 1341 and 1344, and the applicable guideline for those offenses is U.S.S.G. § 2B1.1 (a)(1), resulting in a Base Offense Level of 7.

5. Because the actual and intended losses are more than $1.5 million but not more than $3.5 million, Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(I) applies, resulting in an increase of 16 levels.

### Role in the Offense

6. Because Ms. Reynolds was an organizer or leader of a criminal activity that involved 5 or more participants, U.S.S.G. § 3B1.1(b) applies, resulting in a 4 level increase.

## Acceptance of Responsibility

7.  As of the date of this letter, Ms. Reynolds has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Ms. Reynolds' acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8.  As of the date of this letter, Ms. Reynolds has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1 point reduction in Ms. Reynolds' offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Ms. Reynolds enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Ms. Reynolds' acceptance of responsibility has continued through the date of sentencing and Ms. Reynolds therefore qualifies for a 2 level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Ms. Reynolds' offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

## Calculation of the Total Offense Level

9.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Ms. Reynolds is 24 (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

## Waiver of Appellate Rights

11. Ms. Reynolds knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255 that challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 24. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 24. The parties reserve any right they may have under Title 18, United

States Code, Section 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      12.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.