2018R00678/AM/LH/SD/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. John Michael Vazquez |
| v. | : | Crim. No. 18-687 (JMV) |
| MELISSA REYNOLDS, | : | CONSENT JUDGMENT |
| | | AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

WHEREAS, on or about November 14, 2018, defendant Melissa Reynolds pleaded guilty pursuant to a plea agreement with the United States to a one-count Information, which charged her with conspiracy to commit mail and bank fraud, contrary to 18 U.S.C. §§ 1341 and 1344, in violation of 18 U.S.C. § 1349;

WHEREAS, pursuant to 18 U.S.C. § 982(a)(2)(A), a person convicted of conspiracy to commit mail and bank fraud, contrary to 18 U.S.C. §§ 1341 and 1344, in violation of 18 U.S.C. § 1349, which affects a financial institution, as alleged in the Information, shall forfeit to the United States all property, real and personal, constituting, or derived from, proceeds the person obtained directly or indirectly as a result of such violation;

WHEREAS, in the plea agreement, the defendant consented to the imposition of a criminal forfeiture money judgment in the amount of $548,242, and stipulated that such amount represents the property constituting, or

derived from, proceeds the defendant obtained directly or indirectly as a result of the violation charged in the Information;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the defendant consents;

WHEREAS, defendant Melissa Reynolds:

(1)     Consents to the forfeiture to the United States of $548,242 as a sum of money representing the property constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of the offense charged in the Information, to which the defendant has pleaded guilty;

(2)     Consents to the imposition of a money judgment in the amount of $548,242 pursuant to 18 U.S.C. § 982(a)(2)(A) (the "Money Judgment"), and agrees that this Order is final at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3)     Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(4)     Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5)     Acknowledges that she understands that forfeiture of property will be part of the sentence imposed upon her in this case and waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(6)     Waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

WHEREAS, good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, as a result of the offense charged in the Information, to which the defendant Melissa Reynolds has pleaded guilty, and the Court having accepted the stipulated amount of the forfeiture in the plea agreement, the defendant shall forfeit to the United States the sum of $548,242, representing the property constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of such offense.  A money judgment in the amount of $548,242 (the "Money Judgment") is hereby entered against the defendant pursuant to 18 U.S.C. § 982(a)(2)(A) and Federal Rule of Criminal Procedure 32.2(b).

IT IS FURTHER ORDERED that, the defendant having given her consent pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), upon entry of this Consent Judgment and Order of Forfeiture, this Order is final as to the defendant Melissa Reynolds, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

IT IS FURTHER ORDERED that all payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

IT IS FURTHER ORDERED that, pursuant to 21 U.S.C. § 853, the United States is authorized to deposit all payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment or to address third-party claims, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to

enter a money judgment against the defendant in favor of the United States in

the amount of $548,242.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to

enforce this Order and to amend it as necessary.

ORDERED this ___ day of _____ , 2019.

_____
HONORABLE JOHN M. VAZQUEZ
United States District Judge


The undersigned hereby consent to
the entry and form of this Order:

CRAIG CARPENITO
United States Attorney

_____          Dated: 12/18/19
By: ANTHONY MOSCATO
    LAKSHMI HERMAN
Assistant United States Attorneys

_____          Dated: 12/18/19
ROBERT DeGROOT, ESQ.
Attorney for Defendant Melissa Reynolds

_____          Dated: 12/18/19
MELISSA REYNOLDS, Defendant

-5-