

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*  973-645-2700
*Newark, New Jersey 07102*

August 19, 2021

**Via ECF and Electronic Mail**
The Honorable John Michael Vazquez
United States District Judge
U.S. Post Office and Courthouse
Federal Square
Newark, New Jersey 07102

Re:   United States v. Melissa Reynolds, a/k/a "Melissa Shawn Reynolds,"
      a/k/a "Melissa James"  (Crim. No. 18-687)

Dear Judge Vazquez:

Please accept this letter in *lieu* of a more formal submission in response to the Motion to Modify Restitution and Forfeiture of Defendant Melissa Reynolds, a/k/a "Melissa Shawn Reynolds," a/k/a "Melissa James" ("Defendant").  The United States respectfully opposes this motion, and asserts that the restitution and forfeiture orders, as set forth in Judgment of Conviction of December 18, 2019, should remain unchanged.  Instead, the United States believes that the appropriate remedy is for the Clerk's Office to credit Defendant for any payments she has made to the Municipal Credit Union of New York City ("MCU") and its insurer, State National, upon receipt of requested documentation from those entities.

## Background

Procedural Background

On November 14, 2018, Defendant was convicted after pleading guilty to one count of a dual-object conspiracy to commit mail fraud and bank fraud. ECF # 89.  On December 18, 2019, this Honorable Court sentenced Defendant to a term of imprisonment of one year and one day, ordered restitution in the amount of $587,080.99, which included $61,845.00 due to MCU, one of the victims of the offense,  and forfeiture in the amount of $548,242.00, pursuant to a Consent Order of Forfeiture.  ECF #s 97, 98.

Factual Background regarding the MCU Loan

      In or about 2011, Defendant's co-conspirator husband obtained a $36,500 car loan from MCU to purchase a 2007 Mercedes-Benz. In or about 2012, Defendant obtained a $51,656 car loan from MCU to purchase a 2011 Mercedes-Benz. Presentence Report ("PSR") ¶ 32.

      In or about May 2014, using their home computer and printer, Defendant and her co-conspirator husband printed fraudulent money orders for pay-off amounts for those loans from a template they previously received. PSR ¶ 34. After receiving these money orders, a lawyer for MCU reviewed them and determined they were fraudulent. The MCU lawyer then sent a letter, dated May 28, 2014, to Defendant and her co-conspirator husband, advising them that their checks could not be accepted as payment towards the loan. After they received this rejection notice, Defendant and her co-conspirator husband placed a red stamp on the letter, which read, "[T]his Document and Any Offer for Contract it Represents, are Hereby Refused and Returned to It's Issuer; within 24 hours of Reception," across this MCU letter and mailed it back to MCU. PSR ¶ 35.

      Defendant and her co-conspirator husband were again advised that their fraudulent money orders were not accepted as payoffs for their MCU car loans. Defendant and her co-conspirator husband each refused to continue paying their loans and, ultimately, both loans went into default. MCU wrote off the loans, resulting in financial losses to MCU. PSR ¶ 37.

      The $61,845.00 restitution amount set forth in the Judgment of Conviction reflected the pay-off amount of Defendant's debt to MCU, which was $37,730.72, and $24,114.28 as the apparent remaining amount of her co-conspirator's husband's debt to MCU. As indicated above, while fraudulent attempts were made to appear to pay off those amounts, the fraudulent money orders were not accepted as payment.

      Notably, as part of her plea agreement signed September 13, 2018 and filed November 18, 2018, Defendant specifically agreed to pay the $37,730.72 to MCU in restitution. See Defendant's plea agreement at ECF # 91, attached as Exhibit A at p. 6. Furthermore, co-conspirators can be held liable to pay restitution for acts of their co-conspirators committed in furtherance of the conspiracy, which rendered Defendant also liable for the remaining amount of the debt owed to MCU. See 18 U.S.C. § 3664(h); United States v. Boyd, 222 F.3d 47, 50-51 (2d Cir. 2000); United States v. Nichols, 169 F.3d 1255, 1278 (10th Cir.1999); United States v. Donaghy, 570 F. Supp.2d 411, 423 (E.D.N.Y. 2008). See also PSR ¶ 108.

      Defendant now seeks a re-evaluation of the restitution and forfeiture order on the basis that she has satisfied her debt to MCU.

The United States has verbally confirmed with a representative of MCU that Defendant's portion of the debt was written off in part, and was paid in full by State National, an MCU insurer. The United States has also verbally confirmed with a representative of State National that Defendant's portion of the debt was satisfied.

## **Legal Standard**

Title 18, United States Code, Section 3664 sets forth procedures for issuance and enforcement of restitution orders. Any modifications of restitution orders are governed by Section 3664(o), which provides as follow:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that -
>
> (1) such a sentence can subsequently be –
>    (A) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title:
>    (B) appealed and modified under section 3742;
>    (C) amended under section (d)(5); or
>    (D) adjusted under section 3664(k), 3572, or 3613A; or
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

Taking each of the provisions in the order cited in Section 3664(o), Rule 35 of the Federal Rules of Criminal Procedure provides that a sentence can generally be corrected under the following circumstances: (1) within 14 days after sentencing due to arithmetical, technical, or other clear error; or (2) upon the motion of the United States if the defendant provides substantial assistance in investigating or prosecuting another person. Fed.R.Crim.P. 35.

Section 3742 of chapter 235, found at Title 18, United States Code, Section 3742, provides for review of sentences on an appeal by a defendant. Section 3664(d)(5) generally provides for situations when the victim's losses were not ascertainable 10 days prior to sentencing, so that the sentencing could be adjourned, and when the victim discovers additional losses, the victim can petition for an amended restitution order. 18 U.S.C. § 3664(d)(5).

Section 3664(k) generally addresses defendant's duty to notify the Court and the United States of material changes in defendant's economic circumstances that might affect the defendant's ability to pay restitution, and procedures following any such notification.

Section 3613A provides for consequences of default for failure to pay restitution, including, but not limited to, revocation or modification of the terms of supervised release, resentencing, and holding defendant in contempt of court, among other specific remedies.  18 U.S.C. § 3613A(a)(1).

Section 3572, as it pertains to restitution, provides for the ability of restitution payments to be made in installments in the interest of justice.  18 U.S.C. § 3572(d)(2).  Section 3563 governs revocation of probation, and Section 3614 governs resentencing, upon failure to pay restitution.  18 U.S.C. §§ 3563, 3614.

## **Argument**

In this case, none of the factors that would allow for modification of the restitution order are present.  Notwithstanding the passage of 14 days since the sentencing, there was nevertheless no arithmetical, technical, or other clear error.  The restitution amount was accurate on the Judgment of Conviction.

The other provisions set forth in Section 3664(o), as they govern restitution, clearly do not apply to this matter.  There was no substantial assistance that would affect the restitution order, and Defendant's motion does not constitute an appeal of the sentence.  The victim's losses were ascertainable at the time of Defendant's plea and sentencing.  Since Defendant indicates that payments have been made, she is not asserting change of circumstance in her ability to pay.  Default and installment payments are not at issue.  Finally, revocation of probation and/or resentencing for failure to pay restitution are not at issue.

Furthermore, Defendant signed a Consent Order of Forfeiture on December 18, 2019 on which the Judgment of Conviction regarding forfeiture was based.  ECF #s 97, 98.

Finally, upon receipt of the requested documentation from MCU and State National directly from those entities, the United States will provide the Clerk's Office with proof of payments to ensure that those payments are credited.  No additional action by this Court is necessary.

    For these reasons, the United States respectfully asserts that this Honorable Court should deny Defendant's Motion to Modify Restitution and Forfeiture.

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

*[signature: Joyce M. Malliet]*

By: Joyce M. Malliet
Assistant U.S. Attorney

cc:    Melissa Reynolds, via mail
       Daniel J. Carney, Senior U.S. Probation Officer, via electronic mail